IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT HEARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4830-D-BN |
| | § | |
| BRIAN OWENS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil rights action brought by Robert Heard, a Georgia prisoner appearing *pro se*, against at least 62 defendants, many of whom are associated with his conviction and incarceration in Valdosta, Georgia. On December 11, 2013, Plaintiff tendered a complaint to the district clerk and an incorporated motion seeking injunctive relief. Plaintiff alleges that the defendants "conspired to take my life by various means, from giving me sickness and diseases to witchcraft. And those named and unnamed did advise, encourage, hire, [and] procure judges, inmates, and all involved to commit the prohibited acts by law." *See* Dkt. No. 3 at 3. By this lawsuit, he

seeks $100,000,000,000 in actual damages and the payment of all hospital bills "for research to cure every disease given me by defendants and inmates." *Id.* at 8.

The undersigned now concludes that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2). Plaintiff's "motion for injunction" [Dkt. No. 5] should be denied.

## Legal Standards

A district court is required to screen a civil action brought by a prisoner seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim is factually frivolous when the facts alleged are "clearly baseless," *Neitzke*, 490 U.S. at 327, a category encompassing allegations that are "fanciful," *id.*, at 325, "fantastic," *id.*

at 328, and "delusional," *id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (factual allegations are "clearly baseless" where they "rise to the level of the irrational or the wholly incredible").

## Analysis

Plaintiff does not present a logical set of facts to support any claim for relief. His complaint contains allegations wholly based on a delusional or fanciful scenario. Dismissal is warranted under these circumstances. *See Kolocotronis v. Club of Rome*, 109 F.3d 767 (table), 1997 WL 115260, at *1 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *accord Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 326-28.

The undersigned notes that Plaintiff has filed dozens of frivolous lawsuits in Georgia federal courts such that he was deemed a "serial filer" and subjected to significant filing restrictions. *See, e.g., Heard v. Donald*, 310 F. App'x 348, 349 & n.2 (11th Cir. 2009). He has been barred from proceeding *in forma pauperis* under the three-strikes bar of 28 U.S.C. § 1915(g) because has had three or more prior complaints or appeals dismissed as frivolous or malicious or for failure to state a claim. *See, e.g., Heard v. Fields*, No. 7:13-cv-25-HL, 2013 WL 3214676, at *1 (M.D. Ga. June 24, 2013).

## Recommendation

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915A. Plaintiff's motion seeking injunctive relief [Dkt. No. 5] should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 12, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE